GENEVIEVE PROCTOR *vs.* WILLARD P. LOMBARD, trustee, & others.

Suffolk.     March 10, 1919. — June 20, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Husband and Wife,* Separation agreement.     *Contract,* Construction, Performance and breach, Modification, Abandonment.

Where a separation agreement between a husband and his wife and a third person as a trustee provided for payments by the husband to the trustee for the benefit of the wife of $55 per month, and the payments for a time were in the sum of $30 per month but there was no specific agreement on the wife's part that such payments should be accepted in full satisfaction of the requirements of the agreement, it cannot be ruled as a matter of law, in a suit in equity for the enforcement of the agreement, that the payments of less than the sum stated in the agreement were accepted as full satisfaction and not merely as part payments.

A letter by the wife to the trustee, under the agreement above described, reading as follows: "In view of the circumstances pertaining to the case, I feel that I no

longer require your service and release you· of your duties of Trustee, and request that my monthly allowance of Thirty Dollars, ($30.00) be sent to me at my home address. . . . In accordance to the above, would kindly ask that you return all papers which you have in your possession, in connection with the case, to me," while it well might discharge the trustee as the wife's attorney, cannot as a matter of law be said to have terminated her rights under the agreement, especially where it appears that after writing the letter the wife continued to receive monthly payments from her husband.

A provision of the agreement above described was, "The said wife shall not institute any action or civil process or criminal action whatever against the said husband on the ground of non-support for necessaries." On March 7 of a year when the agreement was in force, the wife brought in the Probate Court a petition for separate maintenance, upon which there never was a hearing, and which was dismissed without prejudice by agreement of the parties on the tenth day of the next month. The suit to enforce the agreement was brought the following August. *Held,* that it could not be said as a matter of law that the wife had forfeited her rights under the agreement by the bringing of the petition in the Probate Court.

A paragraph of the agreement above described provided in substance that proceedings to enforce the agreement should be brought by the trustee, and that, if the trustee refused or neglected to do so, either the husband or the wife might do so in the trustee's name. The trustee failed and neglected to enforce the agreement for the wife; and resisted, acting in behalf of the husband and as his attorney, her attempts to maintain her rights under it. The suit for enforcement, above described, was brought by the wife in her own name against the trustee and the husband. The wife was entitled to have the agreement enforced. Upon an appeal by the defendants from a decree in favor of the wife, it was *held,* that the wife should have leave to amend the bill by substituting the name of the trustee as plaintiff and that then the decree should be affirmed.

BILL IN EQUITY, filed in the Superior Court on August 23, 1918, to enforce a separation agreement between the plaintiff, the defendant George M. Proctor, her husband, and the defendant Willard P. Lombard, who acted as trustee in the agreement; and to reach and apply to the payment of $1,080, alleged to be due to the plaintiff under the agreement, shares of stock in the defendant Hudford Truck Company, alleged to be owned by the defendant Proctor.

The agreement was dated July 17, 1915, and, among other things, provided for the payment of $55 each month by the husband to the trustee for the benefit of the wife. A part of the sixth paragraph of the agreement read as follows: "The said wife shall not institute any action or civil process or criminal action whatever against the said husband on the ground of non-support or for necessaries." The tenth paragraph, relating to methods of enforcement, is quoted in the opinion.

The suit was heard by *Chase,* J., and the testimony was taken by a commissioner appointed under Equity Rule 35. The letter of the plaintiff to the defendant Lombard, mentioned in the opinion, read as follows: "In view of the circumstances pertaining to the case, I feel that I no longer require your service and release you of your duties of Trustee, and request that my monthly allowance of Thirty Dollars, ($30.00) be sent to me at my home address. (62 Clarendon St., City.) In accordance to the above, would kindly ask' that you return all papers which you have in your possession, in connection with the case, to me."

Other material evidence and findings of the judge are described in the opinion.

, By order of the judge a decree was entered ordering the defendant Proctor to pay to the defendant Lombard for the benefit of the plaintiff the sum of $1,300 and interest and costs. The defendants appealed.

*W. W. Stover & E. L. Sweetser,* for the defendants, submitted a brief.

*S. Gottlieb,* for the plaintiff.

DE COURCY, J. In July, 1915, a separation agreement was entered into between the plaintiff and her husband, George M. Proctor, through the intervention of the defendant Lombard as trustee. This suit was brought to enforce the agreement, and to reach and apply certain property of the husband.

At the trial in the Superior Court he contended, among other defences, that the agreement had been modified and abandoned by the plaintiff, and also that she had broken the agreement on her part. The judge, however, found "there has been no repudiation or abandonment of the indenture by the petitioner, or modification thereof, and the same continues in force." We cannot say that the findings were not warranted by the evidence. It could be found that the payments for a time of $30 a month were accepted as part payments of the amount stipulated in the agreement. The plaintiff's letter to the defendant Lombard might well discharge him as her attorney without terminating her rights under the separation agreement: and in fact she continued to receive monthly payments after writing the letter.

Nor can we say as matter of law that the petitioner forfeited her rights by bringing a petition for separate maintenance in the

Probate Court after her husband's failure to make monthly payments. That petition was filed on March 7, 1918, there never was a hearing thereon, and on April 10, 1918, it was dismissed without prejudice by agreement of parties.

It is expressly provided in the separation agreement: "Tenth: The trustee above named, or his successor, may take and begin any legal proceedings which shall be necessary and proper to maintain and enforce the rights and obligations of the husband or the wife under this indenture upon application by the other for that purpose, being indemnified from any cost or expense by the party making such application and in case the trustee shall for any cause refuse or neglect to take or begin such proceedings, said husband and wife, and each of them, shall have the right to take and begin such proceedings in the name of the said trustee or his successor for the benefit and at the expense of the moving party." The trial judge found: "The defendant Lombard has failed and neglected to institute proceedings to enforce the obligations of the defendant, George M. Proctor, as to payments for the separate support of said plaintiff, and has resisted, in behalf of said George M. Proctor, acting as his attorney, the plaintiff's attempts to maintain her rights in that respect." Accordingly, without considering the right of the plaintiff to enforce the agreement in her own name in the absence of the above provision, she is given leave to amend the present bill by substituting the name of the trustee as plaintiff, and thereupon the decree is to be affirmed. St. 1913, c. 716, § 3.

*So ordered.*